**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| GERRY DEAN JOHNSON,<br><br>              Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>              Defendant. | 2:14–cv–00902-JAD-VCF<br><br>**<u>ORDER</u>** |

Before the court is Plaintiff Gerry Dean Johnson's Motion/Application to Proceed *In Forma Pauperis* (#1[1]).

### *IN FORMA PAUPERIS* APPLICATION

Plaintiff Gerry Dean Johnson asserts in his application to proceed *in forma pauperis* that he is unemployed and has no take home wages, but that he receives a social security payment of $870.00 per month. (#1). Plaintiff also asserts that he has $20.00 in a checking or savings account, and that his regular monthly expenses are $945.60. (*Id.*) Accordingly, Plaintiff's request to proceed *in forma pauperis* is granted pursuant to § 1915(a).

### LEGAL STANDARD

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or

---

[1] Parenthetical citations refer to the court's docket.

1

seeks monetary relief from a defendant who is immune from such relief. *See* § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

## DISCUSSION

A claim cannot proceed without a formal complaint. Fed. R. Civ. P. 3. Here, Plaintiff failed to file a complaint. In the interest of a speedy proceeding, Plaintiff is ordered to file a complaint with the Clerk of Court within fourteen (14) days. *See* Fed. R. Civ. P. 1 (requiring the court to secure the speedy determination of every action). Failure to file a valid complaint within the specified time will result in a recommendation by the court to dismiss Plaintiff's action.

Plaintiff is advised that his complaint must contain (1) "a short and plain statement of the grounds for the court's jurisdiction", (2) "a short and plain statement of the claim showing that the pleader is entitled to relief"; and (3) "a demand for the relief sought." Fed. R. Civ. P. 8. Additionally, the Social Security Act only provides for federal court review of final decisions of the Commissioner. *See* 42 U.S.C. § 405(g). Therefore, Plaintiff's complaint must be timely, must allege that he is disabled, and must arise from a final decision by the Commissioner of Social Security Administration. In such circumstances, this court has jurisdiction to hear Plaintiff's appeal of the Commissioner's denial of his

application for Disability Insurance Benefits under Title II of the Social Security Act. *See* 42 U.S.C. §§ 401-433.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff Gerry Dean Johnson's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that the Plaintiff Gerry Dean Johnson is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This Order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that Plaintiff Gerry Dean Johnson file a complaint with the Clerk of Court in accordance with this order by June 30, 2014.  Failure to do so will result in a recommendation by the court to dismiss Plaintiff's action.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist*., 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing

party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. *See* LSR 2-2 (emphasis added).

DATED this 16th day of June, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE