**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| GERRY DEAN JOHNSON, | |
| Plaintiff, | 2:14–cv–00902–RFB–VCF |
| vs. | **REPORT & RECOMMENDATION** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

This matter involves Plaintiff Gerry Dean Johnson's appeal from Defendant Carolyn W. Colvin's final decision denying Johnson's social security benefits. (Compl. #5[1]). Before the court is plaintiff's motion for reversal and/or remand (#26). The Commission filed an opposition (#29); plaintiff filed a reply (#31). Also before the court is the Commissioner's unopposed cross-motion for summary judgement. (#30). For the reasons stated below, the court recommends denying plaintiff's motion for reversal and/or remand and granting the Commissioner's motion to affirm.

**STANDARD OF REVIEW**

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. CONST. amend. V. Social security claimants have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). Where, as here, the Commissioner of Social Security renders a final decision denying a claimant's benefits, the Social Security Act authorizes the District

---

[1] Parenthetical citations refer to the court's docket and administrative record.

1

Court to review the Commissioner's decision. *See* 42 U.S.C. § 405(g); *see also* 28 U.S.C. § 636(b) (permitting the District Court to refer matters to a U.S. Magistrate Judge).

The District Court's review is limited. The court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938) (defining "a mere scintilla" of evidence). If the evidence supports more than one interpretation, the court must uphold the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). This means that the Commissioner's decision will be upheld if it has any support in the record. *See, e.g.*, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating that the court may not reweigh evidence, try the case *de novo*, or overturn the Commissioner's decision if the evidence preponderates against it).

## DISCUSSION

Johnson's appeal presents two questions: (1) whether the ALJ erred by finding that she did not meet or equal Listing 1.04A and (2) whether the ALJ's analysis is lacking and failed to evaluate Johnson's statements regarding her pain. The court finds that the ALJ did not err by finding that plaintiff did not meet or equal Listing 1.04A and that the ALJ's analysis was not lacking and did not fail to evaluate plaintiff's statements regarding her pain. Before addressing Johnson's argument, the court begins its analysis by reviewing the Commissioner's burden under the Social Security Act.

### I.     Establishing Disability Under the Social Security Act

The Social Security Commission follows a five-step sequential evaluation process when determining whether a claimant has met this burden. 20 C.F.R. § 416.920(a)(4). To qualify for benefits under the Social Security Act, a claimant must demonstrate his or her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996). When making this determination, the Commissioner engages in a five step inquiry.

### II.    Step Three: The ALJ did not Fail to Properly Consider Whether Plaintiff Met or Equaled the Listing

At step three, the only step at issue, the Commissioner determines whether the claimant's impairment or combination of impairments is of a severity to meet or medically equal the criteria of an impairment described in the Listing of Impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1., 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the claimant's impairment or combination of impairments is of a severity to meet or medically equal the criteria of a listing and the duration requirement, the claimant is disabled. 20 C.F.R. §§ 404.1509, 416.909. If the impairment or combination of impairments does not meet the criteria of a listing or does not meet the duration requirement, the ALJ proceeds to the next step. *Id*.

"An ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment. A boilerplate finding is insufficient to support a conclusion that a claimant's impairment does not do so." *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001). (citing *Marcia v. Sullivan,* 900 F.2d 172, 176 (9th Cir.1990) (holding that ALJ erred by failing to consider evidence of equivalence). "To meet a listed impairment, a claimant must establish that he or she meets each

characteristic of a listed impairment relevant to his or her claim. To equal a listed impairment, a claimant must establish symptoms, signs and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment. . ." *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir.1999) (quoting 20 C.F.R. § 404.1526) (emphases in original); *see also* 20 C .F.R. § 416.926(a). *Huizar v. Astrue*, No. CV 11-7246-PLA, 2012 WL 3631526, at *5 (C.D. Cal. Aug. 23, 2012).

The listing at issue requires:

> 1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord.
>
> With:
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);

Appendix 1 to Subpart P of Part 404—Listing of Impairments, 1.04.

Here, plaintiff argues that the ALJ erred because she did not provide a detailed analysis at step three. Plaintiff further argues that she meets listing 1.04 criteria because, "according to the cervical MRI, at C6-7, there is severe central canal stenosis, secondary to a broad-based disc protrusion with osteophytic ridging narrowing the anterior-posterior dimension of the central canal, 'compress[ing] and push[ing] the cord posteriorly.'" (*See* #26 at 4-5). Furthermore, Plaintiff argues that she exhibited "reduced cervical and lumbar range of motion on many occasions, [a]ltered sensation, including numbness and tingling in her hands, fingers, and legs, and [] a positive straight leg raise test." (*See id.* at 7). Plaintiff admits that she may not meet the motor loss criteria required in listing 1.04A but that she "testified to sometimes having an 'embarrassing' limp and being unable to move due to her spinal conditions." (*See id.* at 8).

The ALJ found that plaintiff did not have an "impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments" under the regulations. (Admin. Rec. at 15–16). Specifically, the ALJ's states, "The medical evidence of record does not reveal findings consistent with the listing 1.04 criteria." (*Id*.)

Defendant argues that the ALJ's "discussion in other parts of the decision substantiate her step three finding" and that there is no error. (*See* #29 at 9). Although the ALJ's decision is not clearly written, the ALJ correctly evaluated the relevant evidence and found that they are not of a "severity to meet or medically equal the criteria of impairment." The court disagrees with Plaintiff's argument that the ALJ failed to explain her reasons for discounting all of the pertinent evidence in making her determination. "The ALJ need not specifically state what evidence supports her conclusion that the claimant's impairments did not meet or equal the impairments in the Listings where the ALJ's listing finding is supported by an 'adequate statement of the foundations on which the ultimate factual conclusions are based.' " *Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir.1990) (quoting *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir.1981)). Rebensdorf v. Astrue, No. CV-08-1529-PHX-SRB, 2009 WL 648892, at *6 (D. Ariz. Mar. 11, 2009). The ALJ found that the medical evidence of record often revealed no clinical abnormalities. (*See* Admin. Rec. at 18).

After reviewing the medical evidence, the ALJ acknowledged "fairly significant" MRI results but that the plaintiff's primary care physician's notes and her current pain management specialist's notes reveals "essentially normal findings in association with the claimant's neck and back." (*Id.*) In February 2011, plaintiff had 4/4 upper extremity strength with intact sensation. (*Id.*) In June 2011, plaintiff began seeing her current pain management specialist, Larry Kropp, MD and found that plaintiff had 5/5 strength in all extremities without obvious deficits in sensation and had a normal gait. (*Id.*) The plaintiff also worked fulltime from March 2011 through February 2012 despite allegedly being unable to work as

of January 1, 2011. (*Id*. at 19). The ALJ's evaluation of the relevant medical evidence in the other sections of the decision is an adequate statement of the foundations on which the ultimate factual conclusions are based under *Gonzalez v. Sullivan*.

### III.     The ALJ's Credibility Finding is Supported by Substantial Evidence

Plaintiff argues that the ALJ erred because her analysis is seriously lacking and does not conform to the requirement of Agency policy, as set forth in 20. C.F.R. § 404.1529 (*see* #26 at 13:14-17) and the ALJ failed to evaluate the plaintiff's statements regarding her pain, pursuant to 20 C.F.R. § 404.1529. (*Id*. at 15:3:5).

If the Commissioner decides to discount the claimant's testimony regarding his or her subjective symptoms, an ALJ must engage in a two-step analysis when evaluating credibility: (1) determine whether the individual presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of pain or other symptoms alleged; and, (2) if the individual has satisfied the first step of the test with no evidence of malingering, the ALJ may only reject the individual's testimony about the severity of the symptoms by giving specific, clear, and convincing reasons for the rejection. *See Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

The ALJ correctly applied the two-step procedure. (*See* Admin. Rec. at 17). First, the ALJ identified an underlying medically determinable impairment: Plaintiff's back injury, disk disease with central canal stenosis, and neck injury which the plaintiff describes as causing back pain with radiation to her feet, neck pain, left arm pain, arm tingling and numbness, sleep disturbance due to pain, and fatigue. (*Id*.) Second, the ALJ evaluated the intensity, persistence, and limiting effects of plaintiff's symptoms. (*Id*.) In doing so, the ALJ identified several reasons for discrediting plaintiff's testimony. (*Id*. at 17–20). These included the facts that: (1) Plaintiff alleged a disability onset date of March 2011, but she admitted and earnings reports showed she performed substantial gainful activity through February

6

2012; (2) Plaintiff offered conflicting and inconsistent reasons as to why she stopped working such as initially reporting that she stopped working because she got fired and then testifying to the ALJ that her treating physician took her off work yet the medical evidence of record reveals no such opinion by a treating physician; (3) The ALJ noted that the plaintiff is more active than and experiences fewer limitations than would be expected from a disabled individual such as doing light exercise, attending church activities, attending social groups, studying for continuing education, preparing complete meals with several courses, laundering, cleaning, driving independently, shopping for food and clothing, handling her finances (paying bills, counting change, etc.), reading, using a computer, and spending time with others; (4) Plaintiff's previously pain management specialist, Edson Erkulvawatr, MD, and present pain management specialist, Larry Kropp, MD, consistently noted full strength with no obvious deficits in sensation and treated her conservatively; (5) Plaintiff testified that she "sometimes" cannot move due to her back pain, and that this happens "all the time;" and (6) the ALJ "f[ound] it difficult to believe [plaintiff's] allegation that she is limited to sitting no longer than 15 to 20 minutes with the fact that she traveled to Nevada, an activity that surely require[s] extensive periods of sitting. (*See* Admin. Rec. at 19).

After reviewing these inconsistencies, the ALJ determined that plaintiff "is capable of performing past relevant work as a receptionist" and "patient representative." *Id*. at 20). The ALJ's reliance on these physicians' opinion, combined with her detailed analysis of the inconsistencies in plaintiff's testimony, constitute clear and convincing reasons under *Vasquez v. Astrue*.

Therefore, the court finds that the ALJ's decision to discredit plaintiff's testimony is supported by substantial evidence.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Gerry Dean Johnson's motion for reversal and/or remand (#25) be DENIED.

IT IS FURTHER RECOMMENDED that the Commissioner's cross motion to affirm (#30) be GRANTED.

IT IS SO RECOMMENDED.

DATED this 31st day of August, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE